**RINOS & MARTIN, LLP**
LINDA B. MARTIN, ESQ. (SBN 105445)
ALEX HACKERT, ESQ. (SBN 267342)
17822 17th Street, Suite 401
Tustin, California 92780
Telephone:  (714) 734-0400
Facsimile:  (714) 734-0480
E-Mail:  firm@rmlaw.org

Attorneys for Defendants, CITY OF FONTANA (erroneously sued and served as FONTANA POLICE DEPARTMENT); OFFICER BRANDON BOWIE; OFFICER RAJAIE SAYEGH; OFFICER MICHAEL ERNES (erroneously sued and served as OFFICER MICHAEL EARNS); OFFICER EDUARDO CONTRERAS; OFFICER JOHN COLLOPY; OFFICER JOSHUA MACMILLAN; OFFICER JOE MORENO; OFFICER DANIEL ROMERO; and OFFICER JAMES CLAY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES JURISDICTION

| | |
|---|---|
| EARL H. BOND, JR., | CASE NO: ED CV 11-2021-DDP (PLA) |
| Plaintiff, | ASSIGNED TO:<br>Honorable District Judge Dean D. Pregerson<br>Honorable Magistrate Judge Paul L. Abrams<br>Complaint Filed: December 29, 2011 |
| vs. | First Amended Complaint Filed: January 25, 2012 |
| FONTANA POLICE DEPARTMENT, et al | [PROPOSED] PROTECTIVE ORDER RE: PLAINTIFF'S MEDICAL RECORDS |
| Defendants. | |

THIS COURT, HONORABLE PAUL L. ABRAMS PRESIDING, hereby orders the following:

1

1. All medical records pertaining to plaintiff Earl H. Bond Jr. obtained during the course of this above captioned case, Case No: ED CV 11-2021-DDP (PLA), shall only be used in connection with said case.

2. Any party in possession of such documents shall destroy said documents within 120 days after the complete of this litigation.

3. The plaintiff's medical records shall only be disclosed to the following persons:

   a. Counsel for any party and any party to this litigation;

   b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

   c. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental for preparation of trial.

   d. Any outside expert, consultant, or individual retained in connection with this action, and not otherwise employed by either party.

4. Nothing pursuant to this protective order is intended to prevent authorized persons from having access to any documents if they would have had access to said documents in the normal course of their job duties. Further, nothing in this protective order in intended to prevent a witness from disclosing events or activities personal to him or her.

5. Each person to whom disclosure of the plaintiff's medical records is made shall, prior to the time of disclosure, be provided by the person furnishing him/her such

material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person also must consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.

6. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal and clearly marked: "CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER."

**IT IS SO ORDERED:**

DATED: September 28, 2012   _____
                              Hon. Paul L. Abrams
                              United States Magistrate Judge