**RINOS & MARTIN, LLP**
LINDA B. MARTIN, ESQ. (SBN 105445)
ALEX HACKERT, ESQ. (SBN 267342)
17822 17th Street, Suite 401
Tustin, California 92780
Telephone:  (714) 734-0400
Facsimile:  (714) 734-0480
E-Mail:  firm@rmlaw.org

Attorneys for Defendants, CITY OF FONTANA (erroneously sued and served as FONTANA POLICE DEPARTMENT); OFFICER BRANDON BOWIE; OFFICER RAJAIE SAYEGH; OFFICER MICHAEL ERNES (erroneously sued and served as OFFICER MICHAEL EARNS); OFFICER EDUARDO CONTRERAS; OFFICER JOHN COLLOPY; OFFICER JOSHUA MACMILLAN; OFFICER JOE MORENO; OFFICER DANIEL ROMERO; and OFFICER JAMES CLAY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES JURISDICTION

| | |
|---|---|
| EARL H. BOND, JR., | CASE NO: ED CV 11-2021-DDP (PLA) |
| Plaintiff, | ASSIGNED TO: Honorable District Judge Dean D. Pregerson  Honorable Magistrate Judge Paul L. Abrams  Complaint Filed: December 29, 2011  First Amended Complaint Filed: January 25, 2012 |
| vs. | |
| FONTANA POLICE DEPARTMENT, et al | [~~PROPOSED~~] PROTECTIVE ORDER |
| Defendants. | |

THIS COURT, HONORABLE PAUL L. ABRAMS, hereby orders the following:

All internal investigation, personnel, employment, education, and training records

relating to Fontana Police Department Officers JUSTIN MOYER, BRANDON BOWIE, RAJAIE SAYEGH, MICHAEL ERNES, EDUARDO CONTRERAS, JOHN COLLOPY, JOSHUA MACMILLAN, JOE MORENO, DANIEL ROMERO and JAMES CLAY, as well as all prior claims, citizen complaints and lawsuits, produced in this litigation, and in response to this Court's order regarding plaintiff's motions to compel further responses to request for documents and interrogatories dated January 18, 2013 (Docket No. 140), shall only be used in connection with this litigation which bears the following Case No: ED CV 11-2021-DDP (PLA).

Further, it is hereby ORDERED that after the completion of the litigation, all copies of the documents stated above produced to the plaintiff in this litigation, shall be immediately returned to Rinos and Martin, LLP within 10 days thereafter, and the plaintiff shall file a declaration with this Court, signed under the penalty of perjury, stating that he has returned said documents, within 10 days after the completion of the litigation. Failure to abide by these requirements can subject the plaintiff to sanctions and can be punishable as contempt of court.

It is further ORDERED that:

1. All internal investigation, personnel, employment, and training records, as well as all prior claims, citizen complaints and lawsuits, produced in this litigation, and in response to plaintiff's request for documents and interrogatories, shall not be disclosed, reproduced, or distributed, except as to the following persons:

a. Counsel for any party and any party to this litigation;

      b.      Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

      c.      Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental for preparation of trial.

      d.      Expert witnesses retained in connection with this action for purposes of testifying pursuant to FED.R.EVID. 702, 703 and 705.

      2.      Nothing pursuant to this protective order, as stipulated by both parties, is intended to prevent officials or employees of the City of Fontana or other authorized governmental officials from having access to any documents if they would have had access to said documents in the normal course of their job duties.  Further, nothing in this protective order in intended to prevent a witness from disclosing events or activities personal to him or her.

      3.      Each person to whom disclosure of any records concerning this order, including internal investigation, personnel, employment, and training records, as well as all prior claims, citizen complaints and lawsuits, shall, prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order.  Such person also must consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel or the

party making the disclosure to any person described above shall retain the original executed copy of this agreement until final termination of this litigation.

4. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows: "CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER."

**IT IS SO ORDERED:**

DATED: January 31, 2013

*/s/ Paul L. Abrams*

Hon. Paul L. Abrams
United States Magistrate Judge